[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13395
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00009-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SADARREVIN KENDRICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 30, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Sadarrevin Kendrick appeals his 84-month sentence after pleading guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  On appeal, Kendrick argues that the district court erred in refusing to allow him to present hearsay evidence at his sentencing hearing, and in applying a two-level enhancement for obstruction of justice.  We affirm.

## I.

Kendrick's sentence was enhanced because he was a felon in possession of a firearm in proximity to drugs and drug paraphernalia.  At sentencing, Kendrick presented testimony by Gregory Blackman, an investigator with the Federal Defender's Office, who worked with Kendrick's attorney in preparation for the sentencing hearing.  But the court did not permit Blackman to testify about the contents of a telephone conversation he had with a person who might have corroborated Kendrick's explanation for having a firearm in his possession when he was arrested.  Kendrick testified that he received the gun from a kid he was mentoring through church and that he intended to give it to his grandfather to be sold; Blackman would testify that the kid's mother corroborated Kendrick's explanation.  Kendrick argues that the district court abused its discretion in refusing to allow Blackman to testify about this conversation he had with the kid's mother, who was unavailable to testify herself.

"[S]entencing judges exercise a wide discretion in the types of evidence they may consider when imposing sentence," and "highly relevant—if not essential—to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Pepper v. United States*, 562 U.S. 476, 480, 131 S. Ct. 1229, 1235 (2011) (internal quotation marks omitted); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The district court did not abuse its discretion in excluding Blackman's testimony because it did not have sufficient indicia of reliability. The mother's last name and address were unknown, she was not subject to cross-examination, and the court did not find the testimony to be credible evidence. Moreover, the sentencing court permitted another witness who had been present for the "entire [phone] conversation" to testify about the content of the conversation.

## II.

Kendrick next argues that the district court erred in applying a two-level enhancement for obstruction of justice under § 3C1.1 of the Sentencing Guidelines. We review for clear error a district court's factual findings during sentencing and review de novo the court's application of the factual findings to the Sentencing

3

Guidelines. *United States v. Bradberry*, 466 F.3d 1249, 1253 (11th Cir. 2006) (per curiam). The district court found obstruction of justice based on Kendrick's conflicting testimonies about how he obtained the firearm. The government presented testimony at the sentencing hearing that Kendrick had previously told an officer that he bought the gun off the street, did not know the man he had bought it from, and was planning to sell it to his cousin, all of which Kendrick either admitted to lying about or claimed not to remember. Kendrick argues that any inconsistency is either immaterial or reconcilable. However, the inconsistencies in Kendrick's statements are material—he lied about how he came to possess the firearm, the possession for which he was convicted—and irreconcilable—he lied about from whom and for what reason he purchased the firearm. The district court did not err in applying the two-level enhancement.

**AFFIRMED.**